IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HAROLD BROWER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION,<br><br>    Defendant. | Case No. 1:19-cv-04724<br><br>Hon. John Robert Blakey |

**DEFENDANT HYATT HOTELS CORPORATION'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Hyatt Hotels Corporation ("Hyatt"), by its attorney, respectfully submits this Motion To Dismiss Plaintiff Harold Brower's ("Plaintiff's") Complaint. In support thereof, Hyatt relies on its contemporaneously filed Memorandum of Law and states as follows:

1. Plaintiff alleges that Hyatt deceived him about his obligation to pay "resort fees" as part of the price of staying at various Hyatt-branded properties because those fees are, according to Plaintiff, "hidden and misleading."

2. Plaintiff pleads two counts in his Complaint. In Count I, he claims that Hyatt is liable for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILSC 505/1 *et seq.* (the "Act"). In Count II, Plaintiff claims that Hyatt is liable for unjust enrichment under Illinois law.

3. Hyatt moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice both counts of the Complaint.

4. Plaintiff's claim under the Act in Count I fails as a matter of law because the Complaint shows that the disclosures made to consumers about resort fees during the reservation

process on Hyatt.com are not deceptive. The Complaint shows that when a consumer reserves a hotel room on Hyatt.com, the existence, price, and purpose of any resort fee all are disclosed, twice, before that consumer can complete the reservation. *See* Memorandum at 5-9.

5. Plaintiff's claim in Count I also fails because, even if Plaintiff had sufficiently alleged that the resort fee disclosures on Hyatt.com are deceptive, he does not allege facts showing that these allegedly deceptive disclosures proximately caused his injury. In fact, Plaintiff never alleges that he used Hyatt.com in the context of the hotel stays he references in his Complaint. *See* Memorandum at 9-10.

6. Plaintiff's claim in Count I further fails because Plaintiff has not pleaded that Hyatt has engaged in a deceptive business practice with the "particularity" required under Federal Rule of Civil Procedure 9(b). The Complaint does not allege if or when Plaintiff made reservations for his alleged hotel stays, much less what disclosures were allegedly made to him about resort fees in the context of those reservations or hotel stays. *See* Memorandum at 10-11.

7. In Count I, Plaintiff alleges only that Hyatt has engaged in a deceptive business practice. He does not plead a separate unfair business practices claim. But even if Plaintiff's claim in Count I could be construed as alleging an unfair business practices claim (which Hyatt does not concede), the claim would likewise fail. First, Plaintiff makes assertions of "unfairness" only in perfunctory fashion, which is not sufficient to plead such a claim. Second, even if those fleeting references to unfairness were sufficient to plead such a claim, the Complaint's factual allegations do not meet any of the three factors Illinois courts use when making a determination of unfairness. *See* Memorandum at 11-13.

8. Lastly, Plaintiff's claim in Count II for unjust enrichment claim fails as a matter of law. The Seventh Circuit has held that an unjust enrichment claim will stand or fall with any

related claim alleging the same improper conduct. Because Plaintiff's claim in Count I under the Act fails, so too must his claim in Count II for unjust enrichment. Furthermore, a stand-alone claim of unjust enrichment also would fail as a matter of law in its own right. The Complaint does not allege facts that could plausibly support the asserted conclusion that Hyatt's resort-fee disclosures are deceptive and, in all events, Plaintiff has not pleaded a claim for unjust enrichment with the particularity required by Rule 9(b).[1] *See* Memorandum at 14-15.

WHEREFORE, for the reasons stated herein and in Hyatt's Memorandum of Law in Support, Hyatt respectfully requests that this Court enter an order dismissing with prejudice the Complaint in its entirety.

Dated: August 20, 2019

Respectfully submitted:

By: \s\ John F. Ward, Jr.

John F. Ward, Jr.
Clifford W. Berlow
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
jward@jenner.com
cberlow@jenner.com

Caroline C. Cease (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
(202) 639-6000
ccease@jenner.com

---

[1] Hyatt Hotels Corporation does not concede it is a properly named defendant in this action and, by making this motion, Hyatt in no way waives and specifically reserves its position that it is not a proper defendant.

## **CERTIFICATE OF SERVICE**

I certify that on August 20, 2019, I filed the foregoing **Defendant Hyatt Hotels Corporation's Motion To Dismiss Plaintiff's Complaint** with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to all CM/ECF registrants of record in this action using the CM/ECF system.

\s\ John F. Ward, Jr.
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456