# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAROLD BROWER, on behalf of Itself and all others similarly situated, | Case No. 1:19-cv-04724 |
| | Hon. John Robert Blakey |
| Plaintiff, | |
| v. | |
| HYATT HOTELS CORPORATION, | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HYATT HOTELS CORPORATION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Hyatt Hotels Corporation ("Hyatt"), by and through counsel, respectfully submits this memorandum in support of its motion to dismiss the Complaint filed by Plaintiff Harold Brower ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Like other hotel businesses, certain Hyatt-branded hotels charge resort fees related to a variety of hotel-specific services and amenities at those locations above and beyond the hotel room. Plaintiff alleges that Hyatt deceived him about these fees in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* (2018) ("the Act") and Illinois common law. Plaintiff's Complaint shows, however, that the price, purpose, and benefits associated with resort fees are fully disclosed on Hyatt.com as part of the reservation process *before* the consumer completes a booking. There is nothing deceptive, either as a matter of Illinois law or common sense, about such a fee.

Moreover, although Plaintiff targets the resort fee disclosures on Hyatt.com from July 2019, he does not allege that he ever viewed those disclosures. Plaintiff alleges only that he stayed at several Hyatt properties on an unspecified number of occasions in the past and that he paid resort fees at those times. This fundamental lack of detail fails to meet the heightened and governing pleading standards of Federal Rule of Civil Procedure 9(b).

In sum, Plaintiff's allegations are legally deficient at multiple levels. This Court should thus dismiss the Complaint as a matter of law, with prejudice.

## BACKGROUND

Plaintiff alleges he was a customer at Hyatt-branded locations on an unspecified number of occasions on unspecified dates in the last two years, "including" at the Hyatt Palm Springs and Hyatt House at Anaheim, and on an unspecified date or dates in the last five years at the Hyatt

1

Regency Scottsdale Resort and Spa at Gainey Ranch. Dkt. 1 ("Compl.") ¶ 10. In the Complaint, Plaintiff does not allege how (or if) he made reservations for these alleged hotel stays—such as by using Hyatt.com, a third-party website, the phone, or a travel agent. Nor does Plaintiff identify resort fee-related disclosures allegedly made to him in the context of any of these alleged hotel stays, during the reservation process or otherwise. Plaintiff does allege, however, that "[e]ach time [he] stayed at these Hyatt properties, he paid a $20-40 resort fee" and "was either unaware of the fees at the time he made his reservations, or he believed the fees were mandatory and in the nature of government-imposed taxes." *Id*.

Plaintiff further alleges that Hyatt's resort-fee disclosures are "unconscionable" because the fees are allegedly "hidden"—that is, they are not incorporated into the initially identified base room rate, but instead are separately listed as additional charges. *Id*. ¶¶ 1, 3, 10. Plaintiff alleges that this practice is "deceptive" because consumers are not told "up-front … the true total prices of [a] hotel room[], including resort fees." *Id*. ¶ 1; *see id.* ¶ 3 ("One key effect of this price deception is that consumers shopping for a hotel room are misled into believing a Hyatt room is cheaper than it actually is.").

Using website screenshots depicting the process of reserving a room on Hyatt.com, the Complaint outlines a three-step reservation process. *See id*. ¶¶ 19-25. First, the consumer is presented with a picture of a hotel and a notation that hotel room prices are "from" a specific price, set out as an "Avg/Night" cost. *Id.* ¶ 19. Second, after the consumer selects a hotel, the consumer is asked to select a type of room, with the following disclosure appearing at the top of that page:

> "The hotel resort fee is $22 per night and includes Sunset Celebration Reception nightly from 4pm-5pm serving complimentary wine, domestic beer & our specialty cocktail of the day along with small bites, morning coffee in the lobby, daily newspaper, daily in room water, daily in room coffee and tea, bicycle rental, business center, 24 hour Stay-fit Gym, round trip shuttle service (3 mile radius)."

2

*Id.* ¶¶ 21, 22 n.5. Third, after the consumer selects a room type, the consumer is provided with a list identifying the type of room, number of guests, and a "Summary of Charges" showing the total for the hotel stay. Compl. ¶ 23. Underneath the "Summary of Charges" is an option for the consumer to "See Full Breakdown." *Id.* Upon clicking that option, the consumer is shown a tally of each specific charge for the potential hotel stay which includes, by separate line item, a specific entry noting that a $22 resort fee will be charged as part of the hotel room's total price. *Id.* ¶ 25.

Plaintiff pleads two causes of action. *Id*. ¶¶ 35-45. In Count I, Plaintiff claims the resort-fee disclosures on Hyatt.com are deceptive under the Act. *Id.* ¶¶ 38, 39. In Count II, Plaintiff claims Hyatt has unjustly enriched itself by charging and retaining resort fees. *Id.* ¶ 44.

## APPLICABLE LEGAL STANDARDS

To avoid dismissal under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning it must allege "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is plausible when it gives facts "allow[ing] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co.,* 694 F.3d 873, 885 (7th Cir. 2012) (internal quotation marks and citation omitted). "[A]llegations in the form of legal conclusions," such as "'[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements,'" are "insufficient to survive a Rule 12(b)(6) motion." *Id.* (citation omitted). In other words, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

Plaintiff's claims also sound in fraud, which means, beyond stating a plausible claim for relief, Plaintiff "must state with particularity" those "circumstances" that he alleges constitute

3

fraud. Fed. R. Civ. P. 9(b). "One of the purposes of the particularity and specificity required under Rule 9(b) is to force the plaintiff to do more than the usual investigation before filing his complaint." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (internal quotation marks and citation omitted). "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Nw. Mut. Life. Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999).

## ARGUMENT

Illinois law does not provide a remedy for persons who are given full information about a fee, including the price and benefits associated with the fee, and who then elect to move forward with a transaction. The Complaint itself shows that on Hyatt.com, such full information about resort fees is provided to guests before they complete a reservation. Because there is nothing deceptive about those resort fee disclosures, the Complaint should be dismissed in its entirety.

**I.      Plaintiff Has Not Pleaded The Elements Of A Deceptive Business Practices Claim.**

To state a deceptive business practices claim under the Act, a plaintiff must plead: (1) "a deceptive act or practice by the defendant," (2) "the defendant's intent that the plaintiff rely on the deception," (3) "the occurrence of the deception in the course of conduct involving trade or commerce," and (4) "actual damage to the plaintiff" that is (5) "proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 850 (Ill. 2005). Plaintiff does not properly plead such a claim for three reasons. First, Plaintiff does not allege that Hyatt engaged in a deceptive practice as a matter of law because the website screenshots included in the Complaint show that the resort fee is expressly disclosed to all who use Hyatt.com to reserve hotel

4

rooms. Second, Plaintiff does not sufficiently plead that any alleged wrongdoing caused Plaintiff's claimed harm. Third, Plaintiff's Complaint does not meet the pleading standard of Rule 9(b).

### A. Plaintiff Has Not Alleged That Hyatt Has Engaged In A Deceptive Practice.

Plaintiff alleges that Hyatt deceives consumers about the price of hotel rooms by not fairly disclosing the terms of resort fees. *See* Compl. ¶¶ 1-6. Yet Plaintiff's Complaint shows that resort fees are fully disclosed on Hyatt.com before any consumer completes a reservation. Specifically, Paragraph 22 shows that an explicit declaration appears on Hyatt.com, "[a]t th[e] point in the booking process [where] the website shows room rates for different room options":

> ⓘThe hotel resort fee is $22 per night and includes Sunset Celebration Reception nightly from 4pm-5pm serving complimentary wine, domestic beer & our specialty cocktail of the day along with small bites, morning coffee in the lobby, daily newspaper, daily in room water, daily in room coffee and tea, bicycle rental, business center, 24 hour Stay-fit Gym, round trip shuttle service (3 mile radius).

Compl. ¶ 22 n.5. Further, Paragraph 25 shows that—again, before a consumer completes a reservation on Hyatt.com—the resort fee is shown in both the total price provided to the consumer and as a fee separate from the room rate in the final itemized tally of costs. Compl. ¶ 25.[1]

Under Illinois law, an allegedly deceptive act must be viewed "in light of *all the information* available to plaintiffs." *Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014). A bright-line rule derived from this principle is that "[d]eception does not exist if a consumer has been alerted to the possibility of the complained-of result." *Newman v. Metropolitan Life Ins. Co.*, 885 F.3d 992, 1001 (7th Cir. 2018). That is true here. The Complaint shows that consumers using Hyatt.com are twice informed as to the existence of a resort fee, the amount of

---

[1] Although the Complaint includes screenshots from the Hyatt.com reservation path, this Court can refer to Hyatt.com directly without converting Hyatt's motion into a motion for summary judgment because the website is expressly referenced in the Complaint and is central to Plaintiff's claims. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("[A] motion under Rule 12(b)(6) can be based [on] … documents that are critical to the complaint.").

the fee, and a full explanation as to purpose of, and amenities associated with, the resort fee. A consumer's choice not to read those disclosures does not make them "deceptive."

Precedent confirms that such advance disclosures defeat a claim of deception. For instance, the court in *Killeen v. McDonald's Corporation*, 317 F. Supp. 3d 1012 (N.D. Ill. 2018), dismissed a claim under the Act alleging that McDonald's had engaged in deceptive advertising by marketing and selling as an "Extra Value Meal" items bundled together that, if purchased a la carte, would be less expensive. *Id.* at 1013. The court explained that "even assuming defendants' marketing of the Extra Value Meal had a tendency to mislead consumers … Illinois law is clear that where other information is available to dispel that tendency, there is no possibility for deception." *Id.* "[P]laintiff may not have wished to take the time to compare prices, but there is no question that doing so would have dispelled the deception on which her claims are based." *Id*. Because McDonald's made the information available, the plaintiff could not assert deception.

If the pre-purchase disclosures McDonald's makes to consumers render its charges non-deceptive, surely the disclosures on Hyatt.com do the same. Hyatt discloses multiple times before a hotel reservation is made that the consumer will pay a resort fee, the amount of that fee, and the purpose for the fee. Like the plaintiff in *Killeen*, Plaintiff here "may not have wished to take the time to" look at those disclosures, but "there is no question that doing so would have dispelled the deception on which h[is] claims are based." *Id.* And unlike McDonald's, Hyatt actually provides additional services and amenities when it charges a resort fee. Under the circumstances, there is no claim for deception under the Act. *See also Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 739 (7th Cir. 2017) (holding that plaintiff failed to allege deception under the Act when an insurance policy document stating that defendant had right to increase premiums "should have made clear to applicants that [the defendant] could change the premium rates without limitation").

6

The Illinois Supreme Court's decision in *Robinson v. Toyota Motor Credit Corporation* is similar. 775 N.E.2d 951 (Ill. 2002). The court affirmed dismissal of a plaintiff's claim that the imposition of penalties for excess mileage and wear and tear on an automobile lease was deceptive. *Id*. at 961-62. The court held that the allegations were not sufficient "to establish that [the defendant]'s conduct was deceptive" because "those penalty provisions are clearly set out in the lease." *Id.* at 962. This case is much the same. The resort fee price, its purpose, and its benefits were disclosed during the Hyatt.com reservation process alleged in the Complaint. *See* Compl. ¶¶ 19-26. The Complaint thus shows that these disclosures occurred when a consumer still could have gone elsewhere to find a hotel room. *Accord Saunders v. Mich. Ave. Nat'l Bank*, 662 N.E.2d 602, 608 (Ill. App. Ct. 1996) (holding that charging of overdraft fee was not deceptive where plaintiff "received all the information necessary concerning overdraft charges").

Courts in other states have applied these same principles to dismiss similar lawsuits. For example, in *Harris v. Las Vegas Sands L.L.C.*, the district court dismissed a claim under a California consumer protection law by concluding that a hotel website that displayed a resort fee on the second page of the reservation process was not "false or misleading" as a matter of law because defendants "explicitly disclosed the existence and amount of the resort fee" shown "on a line directly beneath the Grand Total and above more information that the consumer must examine to verify the purchase." No. CV 12-10858 DMG (FFMx), 2013 WL 5291142, at *2, *5 (C.D. Cal. Aug. 16, 2013); *see also Ford v. Hotwire, Inc.*, No. 07-CV-1312 H(NLS), 2008 WL 5874305, at *2, *4 (S.D. Cal. Feb 25, 2008) (finding no violation, under California law, regarding third-party website's disclosure that "rates do not include special fees charged by hotels upon check-out").

Plaintiff makes two allegations that seek to evade the legal consensus that advance disclosure defeats deception. First, he asserts that, notwithstanding the resort fee disclosures on

7

Hyatt.com, Plaintiff was defrauded because he "believed the [resort] fees were mandatory and in the nature of government-imposed taxes." Compl. ¶ 10. However, his subjective belief is irrelevant. *See Killeen*, 317 F. Supp. 3d at 1013 (concluding that even if a marketing tactic "had a tendency to mislead consumers . . . Illinois law is clear that where other information is available to dispel that tendency, there is no possibility for deception"). The Complaint itself shows that the Hyatt.com disclosures: (1) expressly state the purpose and benefits associated with the resort fee—without any mention of government-imposed taxes, and (2) separately include a line-item tally of fees and government-imposed taxes (*see* Compl. ¶ 25) that clearly distinguishes between the two. Given these disclosures, Plaintiff cannot state a claim based solely on his subjective belief.

Second, Plaintiff alleges that the second resort fee disclosure on Hyatt.com is deceptive because it is visible only if the consumer selects the "See Full Breakdown" option underneath the "Summary of Charges," which the consumer need not do to complete a reservation. *See* Compl. ¶¶ 25, 26. This allegation fails as a matter of law. For one thing, this allegation applies only to the *second* disclosure a consumer sees before completing a booking; the *first* disclosure requires no further action, providing the price and a description of the amenities and services provided. *Id*. ¶¶ 21, 22 n.5. As to the second disclosure, the fact that Hyatt offers a full breakdown suffices as a matter of law because Hyatt makes information available to any consumer interested in viewing it. *See Saunders*, 662 N.E.2d at 608 (rejecting plaintiff's claim that Bank's overdraft charge was deceptive because it "essentially hid the overdraft charge" and "buried" it in several documents, as the Bank provided information "which expressly stated that it would charge" for overdrafts).

The Complaint therefore should be dismissed, and it should be dismissed with prejudice. To be sure, courts sometimes will provide a plaintiff "an opportunity to cure [a] defect in his complaint by filing an amended complaint." *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir.

2009). Dismissal with prejudice is warranted here, however, because no amendment would cure Plaintiff's inability to plead that the disclosures on Hyatt.com are deceptive under Illinois law; the screenshots included in the Complaint establish the dispositive fact—that Hyatt discloses the fees multiple times before a guest reserves his or her room. *See Stanard v. Nygren*, 658 F.3d 792, 796-97 (7th Cir. 2011) (explaining that courts have "'broad discretion'" to deny leave to amend "'where the amendment would be futile'") (citations omitted); *see also Bogie v. Rosenberg*, 705 F.3d 603, 616 (7th Cir. 2013) (affirming dismissal with prejudice and without an opportunity to amend because the allegations failed as a matter of law and "[l]eave to amend could not avoid" dismissal).

### B. Plaintiff Has Not Alleged That Hyatt Proximately Caused Him Harm.

Even if Plaintiff could allege that the website disclosures on Hyatt.com are "deceptive," Plaintiff's deceptive practices claim still fails because he does not allege that the purportedly deceptive disclosures on Hyatt.com caused his injury.

The Act requires a plaintiff to prove "actual damage as a result of" the defendant's conduct, which the Illinois Supreme Court has construed to demand a showing of proximate cause. *See, e.g.*, *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 155 (Ill. 2002) ("The 'as a result of' language in section 10a(a) imposes an obligation upon a private individual seeking actual damages under the Act to 'demonstrate that the fraud complained of proximately caused' those damages in order to recover for his injury.") (citation omitted). Accordingly, to plead a claim under the Act a plaintiff must allege he was, "'actually … deceived by a statement or omission that [was] made by the defendant'" and "cannot rest on vague accusations about inadequate disclosures and resulting price effects in the marketplace." *Cmty. Bank v. Schnuck Mkts., Inc.*, 887 F.3d 803, 822 (7th Cir. 2018) (citation omitted); *see De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009) ("[W]e have repeatedly emphasized that in a consumer fraud action, the plaintiff must actually be deceived by a statement

9

or omission. If there has been no communication with the plaintiff, there have been no statements and no omissions. In such a situation, a plaintiff cannot prove proximate cause.").

In spite of his burden, Plaintiff never pleads what he saw, read, or heard about the resort fee, on Hyatt.com or otherwise. Plaintiff does not even allege he used Hyatt.com in the context of the hotel stays he references in the Complaint. Plaintiff thus has offered nothing more than the conclusory assertion that he "sustained damages" "[a]s a result of" Hyatt's practices. Compl. ¶ 39. At best, Plaintiff has alleged that *someone* who used Hyatt.com to reserve a hotel room would not have noticed the explicit resort fee disclosures highlighted in Paragraphs 22 and 25 of the Complaint. Plaintiff has not alleged that he is such a person, however, so he is in no position to claim that these disclosures deceived him. Accordingly, Plaintiff's claim should be dismissed. *See, e.g.*, *Supreme Auto Transport LLC v. Arcelor Mittal*, 238 F. Supp. 3d 1032, 1042 (N.D. Ill. 2017) ("[A] conclusory statement that supracompetitive prices were a direct and proximate result of defendants' unlawful acts" is "a legal conclusion and, without more, cannot survive a motion to dismiss"); *Amerigas Propane, L.P. v. BP America, Inc.*, 691 F. Supp. 2d 844, 851 (N.D. Ill. 2010) (dismissing claim because plaintiffs "do not allege that Defendants made any false, deceptive or misleading statements by Defendants *directly to them*").

      **C.**      **Plaintiff's Complaint Does Not Satisfy Federal Pleading Standards.**

Count I also must be dismissed because Plaintiff has not pleaded a deceptive business practice with "particularity," as required by Rule 9(b). *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) ("When a plaintiff in federal court alleges fraud under the [Act], the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies."); *see also Camasta*, 761 F.3d at 737. "The heightened pleading requirement in fraud cases 'forces the plaintiff to conduct a careful pretrial investigation' to

minimize the risk of damage associated with a baseless claim." *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 840 (7th Cir. 2018) (citation omitted).

Plaintiff has not pleaded the details of the alleged fraud with particularity because he has omitted any mention of the "who, what, when, where, and how of the fraud." *Camasta*, 761 F.3d at 737 (internal quotation marks and citation omitted). All Plaintiff has alleged is that he "stayed" at various Hyatt properties in the last five years. Compl. ¶ 10. Plaintiff does not disclose if or when he made reservations for those alleged hotel stays, how he made those reservations (*i.e.*, in person, over the phone, on Hyatt.com, by using a third-party website, through a travel agent, etc.), or what Hyatt allegedly disclosed to Plaintiff about any applicable resort fees.

It is not enough under Rule 9(b) that the Complaint alleges "[e]ach time [Plaintiff] stayed at these Hyatt facilities, he reviewed advertised room rates for Hyatt and competing hotels in the area," "paid a $20-40 resort fee," and was "either unaware of the fees at the time he made his reservations, or he believed the fees were mandatory and in the nature of government-imposed taxes." Compl. ¶ 10. These are general statements about Plaintiff's overall claim, not the particular details about any specific act of supposed fraud. Nor is it sufficient that the Complaint identifies specific statements found on Hyatt.com in "July 2019." *See* Compl. ¶¶ 19-26. As discussed above, Plaintiff never alleges that he made a reservation through Hyatt.com *at any time*, let alone in July 2019. Under Rule 9(b), Plaintiff cannot proceed where there is such a fundamental mismatch between the facts pleaded and his own injury.

## II.     Plaintiff Has Not Pleaded An Unfair Business Practices Claim.

The Act recognizes distinct causes of action for business practices that are deceptive and for business practices that are "unfair." *See Aliano v. Ferriss*, 988 N.E.2d 168, 177 (Ill. App. Ct. 2013). This Court has instructed that plaintiffs seeking to plead both theories simultaneously or in the alternative should set out the facts and legal theories underlying each cause of action separately.

*See Vangsness v. Deutsche Bank Nat'l Tr. Co.*, No. 12 C 50003, 2012 WL 5989354, *5 (N.D. Ill. Nov. 29, 2012) (citing *In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F.3d 638, 641 (7th Cir. 2007)). Plaintiff has not done so, as he alleges only a single count arising under the Act—Count I. Plaintiff thus is pursuing one theory under the Act, and the face of the Complaint suggests a claim of deception rather than unfairness. At best, Plaintiff has used the word "unfair" in the Complaint in drive-by fashion, *see* Compl. ¶¶ 31, 39, which does not transform Count I into an unfair business practices claim. *See Camasta*, 761 F.3d at 737 ("While Camasta adds language of unfairness, his allegations of 'unfair practice' are clearly premised upon the primary claim that [the defendant] utilized a fraudulent sales technique.").

If Count I does plead a claim for unfair, rather than deceptive, business practices, then that claim still would be subject to dismissal. To determine whether a business practice is unfair under the Act, Illinois courts look to three factors: (1) "whether the practice offends public policy," (2) "whether it is immoral, unethical, oppressive, or unscrupulous," and (3) whether it causes substantial injury to consumers." *Robinson*, 775 N.E.2d at 961; *see also G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 771 (N.D. Ill. 2012) (dismissing for failure to state a claim of unfairness under the Act). The Complaint does not allege facts showing that Hyatt's alleged conduct meets any of these factors.

*First*, a practice offends public policy only if it "is within at least the penumbra of some common-law, statutory, or other established concept of unfairness." *People ex rel. Fahner v. Hedrich*, 438 N.E.2d 924, 928 (Ill. App. Ct. 1982) (internal quotation marks and citation omitted); *see also Newman*, 885 F.3d at 1002 (concluding that insurer's practice of misrepresenting policy terms offended public policy because practice was prohibited by separate statute); *Ekl v. Knecht*, 585 N.E.2d 156, 163 (Ill. App. Ct. 1991) (finding plumber's threat that if consumer did not pay

12

bill he would commit criminal damage to property offended public policy). Yet Count I does not identify any statutory or common-law concept, other than the Act itself, that prohibits charging a resort fee, which means it does not allege that the disclosures on Hyatt.com offend public policy.

*Second*, the question of whether a business practice is "immoral, unethical, oppressive, or unscrupulous" turns on "whether [the practice] has left the consumer with little choice but to submit to it." *Newman*, 885 F.3d at 1002-03 (citation omitted); *see Ekl*, 585 N.E.2d at 163 (holding that plumber's act of threatening criminal damage was "immoral, unethical, oppressive, and unscrupulous"). Under that standard, the disclosures identified in the Complaint are not "immoral, unethical, oppressive, or unscrupulous" because the screenshots show that the resort fee is disclosed on Hyatt.com *before* a customer completes the reservation process, and well before any hotel stay takes place. Compl. ¶¶ 22, 25.

*Third*, Plaintiff has not alleged a substantial injury. Under the Act, a substantial injury occurs when a consumer is deprived of bargaining power and "forced to pay an unreasonable amount in excess of what she would have voluntarily paid." *Ekl*, 585 N.E.2d at 163; *see also Hedrich*, 438 N.E.2d at 928-29 (charging $1500 to permit someone to keep a mobile home in the same lot, providing virtually no service, caused substantial injury). Plaintiff alleges only that he paid resort fees of $20 to $40. Plaintiff does not claim, and cannot claim, that this marginal increase in cost is "an unreasonable amount in excess of what [ ]he would have voluntarily paid" for a hotel room plus the services and amenities for which the resort fee is assessed. And in any event, "charging an unconscionably high price generally is insufficient to establish a claim for unfairness under the [Act]." *Saunders*, 662 N.E.2d at 608.

In sum, Count I falls far short of pleading a claim of unfair business practices under the Act. To the extent Plaintiff sought to do so, that claim must be dismissed.

**III.     Plaintiff's Common Law Claim For Unjust Enrichment Must Be Dismissed.**

The Court also should dismiss Plaintiff's claim for unjust enrichment. Compl. ¶¶ 42-44. The Seventh Circuit has held that "if an [Illinois] unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *accord Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (after affirming dismissal of claim under the Act, holding that claim for unjust enrichment must also be dismissed because unjust enrichment claim depended on showing that defendant engaged in conduct proscribed by the Act); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514-15 (7th Cir. 2006) (same). Plaintiff's unjust enrichment claim rests on the same allegedly improper conduct as his claim under the Act. Consequently, to the extent Plaintiff's claim under the Act is dismissed, Plaintiff's unjust enrichment claim must also be dismissed.

If Plaintiff could theoretically plead a stand-alone claim for unjust enrichment, however, it would fail as a matter of law. To plead unjust enrichment, "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary*, 656 F.3d at 516. The Complaint misses that mark. It does not allege facts that could plausibly show that Hyatt's "resort fees are misleading to consumers," Compl. ¶ 44, because it shows that the resort fees are disclosed to consumers on Hyatt.com, *see id.* ¶¶ 21, 25. Nothing about such disclosures violates "fundamental principles of justice, equity, and good conscience." Nor is it plausible for Plaintiff to assert that Hyatt has been unjustly enriched because the "resort fees are misleading." Hyatt.com fully shows the services to be provided in exchange for the resort fee. *See* Compl. ¶ 22 n.5. Nowhere does Plaintiff allege that any of the disclosed services were not offered to him. It thus is puzzling for Plaintiff to assert that the fee and its purpose are misleading.

14

Finally, Plaintiff's unjust enrichment claim also should be dismissed because, as with Count I, Plaintiff has not pleaded Count II with the particularity required by Rule 9(b). Again, Plaintiff has not identified the "who, what, when, where, and how of the fraud," *Camasta*, 761 F.3d at 737, which Plaintiff is required to do given that his unjust enrichment claim sounds in fraud, *see, e.g.*, *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 950 (7th Cir. 2013) ("[A]ppellant's . . . unjust enrichment claim[] . . . emerge[s] out of a pattern of fraudulent conduct that [appellant] insinuates the appellees engaged in. This falls under the Fed. R. Civ. P. 9(b) requirement that allegations of fraud must be pled with particularity.").[2]

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint with prejudice.

Dated: August 20, 2019

Respectfully submitted:

By: \s\ John F. Ward, Jr.

John F. Ward, Jr.
Clifford W. Berlow
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
jward@jenner.com
cberlow@jenner.com

Caroline C. Cease (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
(202) 639-6000
ccease@jenner.com

---

[2] As noted in its motion, Hyatt Hotels Corporation does not concede that it is a proper named defendant in this action and, by making its motion, Hyatt Hotels Corporation in no way waives and specifically reserves its position that it is not a proper defendant.

15

## CERTIFICATE OF SERVICE

I certify that on August 20, 2019, I caused a true and correct copy of the **Memorandum Of Law In Support Of Defendant Hyatt Hotels Corporation's Motion To Dismiss Plaintiff's Complaint**, to be filed electronically with the Clerk of the Court for the Northern District of Illinois, Eastern Division using the CM/ECF system, which caused notice to be sent to all counsel of record.

\s\ John F. Ward, Jr.
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456