# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ERIC WASHINGTON, and JOANN COUVION, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HYATT HOTELS CORPORATION, <br><br> Defendant. | Case No. 1:19-cv-04724 <br><br> Hon. John Robert Blakey |

## DEFENDANT HYATT HOTELS CORPORATION'S
## MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Hyatt Hotels Corporation ("Hyatt"), by its attorneys, respectfully submits this Motion To Dismiss Plaintiffs' First Amended Complaint. In support thereof, Hyatt relies on its contemporaneously filed Memorandum of Law and states as follows:

1. Plaintiffs Eric Washington and JoAnn Couvion allege that Hyatt deceived them about "resort fees" in the reservation process for hotel stays at various Hyatt-branded properties.

2. Plaintiffs' First Amended Complaint has two counts. In Count I, Plaintiffs claim that Hyatt is liable for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILSC 505/1 *et seq.* (the "Act"). In Count II, Plaintiffs claim that Hyatt is liable for unjust enrichment under Illinois law.

3. Hyatt moves to dismiss Plaintiffs' First Amended Complaint, in its entirety and with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

4. Plaintiffs' statutory claim under the Act in Count I fails as a matter of law because the Amended Complaint itself demonstrates that Hyatt's disclosures to consumers about resort

fees during the reservation process are not deceptive. In particular, the Amended Complaint shows that Hyatt fully discloses to consumers on Hyatt.com the existence, price, and purpose of resort fees before consumers complete their reservations. *See* Memorandum at 4-8.

5. Count I also fails as to plaintiff Couvion because her claim is time-barred by the Act's three-year statute of limitations. Specifically, Couvion alleges that she paid resort fees for a hotel stay in 2015 (more than three years ago), and learned of those fees at the time she checked out of the hotel. *See* Memorandum at 8-9.

6. Count I also fails as a matter of law as to plaintiff Washington because his deceptive business practice allegations do not meet the "particularity" requirements of Federal Rule of Civil Procedure 9(b). The Amended Complaint does not allege with sufficient detail the "when," "what," and "how" of Hyatt's alleged fraud in this case. *See* Memorandum at 9-10.

7. In addition, Count I fails as a matter of law as to Washington because Washington does not adequately allege causation or damages as required under the Act. *See* Memorandum at 10-11.

8. Plaintiffs' statutory claim under the Act seeks to allege a deceptive business practice on Hyatt's part. Plaintiffs do not separately plead an unfair business practices claim. But even if Plaintiffs had done so (which they have not), any such unfair business practices claim would likewise fail as a matter of law. *See* Memorandum at 11-13.

9. Lastly, Plaintiffs' unjust enrichment claim in Count II fails as a matter of law. The Seventh Circuit has held that an unjust enrichment claim will stand or fall with any related claim alleging the same improper conduct. Because Plaintiffs' deceptive practices claim under the Act fails as a matter of law, so does Plaintiffs' claim for unjust enrichment. Furthermore, Plaintiffs do not allege facts that plausibly support their unjust enrichment claim and, in all events,

Plaintiffs have not pleaded this claim with the particularity required by Rule 9(b).[1] *See* Memorandum at 13-15.

WHEREFORE, for the reasons stated herein and in Hyatt's Memorandum of Law in Support, Hyatt respectfully requests that this Court enter an order dismissing with prejudice Plaintiffs' First Amended Complaint in its entirety.

Dated: October 1, 2019

Respectfully submitted:

By: \s\ John F. Ward, Jr.

John F. Ward, Jr.
Clifford W. Berlow
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
(312) 222-9350
jward@jenner.com
cberlow@jenner.com

Caroline C. Cease (*pro hac vice* forthcoming)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, D.C. 20001-4412
(202) 639-6000
ccease@jenner.com

---

[1] Hyatt Hotels Corporation does not concede it is a properly named defendant in this action and, by making this motion, Hyatt in no way waives and specifically reserves its position that it is not a proper defendant.

## **CERTIFICATE OF SERVICE**

I certify that on October 1, 2019, I filed the foregoing **Defendant Hyatt Hotels Corporation's Motion To Dismiss Plaintiffs' First Amended Complaint** with the Clerk of Court by using the CM/ECF system, which will send an electronic notice to all CM/ECF registrants of record in this action using the CM/ECF system.

\s\ John F. Ward, Jr.
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456